FILED
United States Court of Appeals
Tenth Circuit

February 5, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JESUS GARCIA-SALAS,
a/k/a Don Chuy,

Defendant - Appellant.

No. 14-1357
(D.C. No. 1:13-CR-00161-REB-9)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **BRISCOE**, Chief Judge, **LUCERO** and **MATHESON**, Circuit Judges.

After accepting a plea agreement that included a waiver of his right to appeal,

Jesus Garcia-Salas pleaded guilty to one count of possession of a controlled

substance with intent to distribute. He was sentenced to 61 months' imprisonment –

a below-Guidelines sentence. Notwithstanding the appeal waiver, Mr. Garcia-Salas

has filed a notice of appeal that identifies two issues: "Appellant believes that the

sentence imposed violated the terms of the plea agreement as he understood them to

---

[*] This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

be when he agreed to the same; [and] Appellant wants to appeal the sentence that was imposed on him." Dktg. Stmt. at 5. The government has moved to enforce the waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss the appeal.

In evaluating a motion to enforce a waiver under *Hahn*, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325.

> The written plea agreement executed by Mr. Garcia-Salas precludes an appeal
>
> unless it meets one of the following three criteria: (1) the sentence imposed is above the maximum penalty provided in the statute of conviction, (2) the Court, after determining the otherwise applicable sentencing guideline range, either departs or varies upwardly, or (3) the Court determines that the offense level is greater than 36 (prior to any reduction for safety valve or acceptance of responsibility) and imposes a sentence based upon that offense level determination.

Plea Agmt. at 4. And at the change of plea hearing Mr. Garcia-Salas acknowledged he was waiving the right of appeal subject only to the exceptions stated in the plea agreement. *See* Plea Hr'g Tr. at 21-24.

Mr. Garcia-Salas's counsel has filed a response to the government's motion to enforce, in which he states that the district court's "findings, conclusions and judgment did not trigger any of the exceptions to the appeal waiver." Resp. at 2. In other words, he concedes that the appeal falls within the scope of the waiver. As to

the other *Hahn* factors (whether the waiver was knowing and voluntary or would result in a miscarriage of justice) he makes no argument. As such, the motion to enforce is granted and this matter is dismissed.

Entered for the Court
Per Curiam